15-2705-cr
*United States v. McCrudden*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand sixteen.

PRESENT: RICHARD C. WESLEY,
 DEBRA ANN LIVINGSTON,
 *Circuit Judges*.[1]

---

UNITED STATES OF AMERICA,

 *Appellee,*

 -v.- No. 15-2705

VINCENT P. MCCRUDDEN,

 *Defendant-Appellant.*

---

[1] Judge Chin, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Local Rules of the United States Court of Appeals for the Second Circuit.

1

FOR APPELLANT:     Abigail C. Field, Cutchogue, NY.

FOR APPELLEE:      Emily Berger, Christopher Caffarone, Assistant United
                   States Attorneys, *for* Robert L. Capers, United States
                   Attorney for the Eastern District of New York,
                   Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Vincent McCrudden appeals from a judgment of revocation of supervised release in the United States District Court for the Eastern District of New York (Hurley, *J.*), sentencing him to ten months' imprisonment and an additional year of supervised release. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

Although McCrudden frames his appeal as a challenge to both substantive and procedural unreasonableness, his claim of error in the District Court's sentencing boils down to the fact that the District Court discussed angry letters containing veiled references to violence sent by McCrudden to numerous federal

2

judges presiding over cases in which he was involved. McCrudden argues that because the District Court found that the government had failed to prove by a preponderance of evidence that these letters constituted "true threats"—and thus criminal speech—that the court could not consider those letters in imposing McCrudden's sentence. *Cf., e.g.*, *United States v. Watts*, 519 U.S. 148, 156 (1997) (permitting consideration of acquitted conduct established by a preponderance of the evidence). This argument misapprehends the District Court's analysis.

Conduct does not need to rise to the level of being a criminal true threat to warrant consideration in imposing a sentence. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *see also United States v. Cavera*, 550 F.3d 180, 190–91 (2d Cir. 2008) (en banc). The District Court considered the existence and content of McCrudden's letters—facts certainly proven by a preponderance of the evidence—in evaluating McCrudden's dangerousness under the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C). App. 167–68. Additionally, the District Court expressly noted that McCrudden's

conduct in the past had escalated along a "slippery slope" from insults to quasi-threats and finally to full-blown threats. App. 174. Imposing a sentence on this basis did not constitute an abuse of discretion and satisfied the standards of both procedural and substantive reasonableness. *See Cavera*, 550 F.3d at 189–90. Nor did the district judge abuse his discretion in declining to recuse himself, as we do not think that "an objective, disinterested observer[,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (alterations in original) (internal quotation marks omitted).

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4